IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY RICE, #11564-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-02369-JPG |
| | ) |
| JACKSON COUNTY JAIL, | ) |
| OFFICER FRY, | ) |
| and C/O O'NEIL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for case management purposes. As explained in more detail below, Plaintiff Larry Rice has failed to comply with multiple court orders and failed to prosecute his claims in this case. Accordingly, this action shall be **DISMISSED without prejudice**. *See* FED. R. CIV. P. 41(b).

### Discussion

On July 10, 2023, Plaintiff commenced the underlying action by filing a Complaint under 42 U.S.C. § 1983 for constitutional deprivations stemming from his confinement in Jackson County Jail. (Doc. 1). At the time of case opening, the Court entered a Notice instructing Plaintiff to sign and return a Consent / Non-Consent to Proceed Before A Magistrate Judge Jurisdiction Form no later than July 31, 2023. (Doc. 3). Plaintiff did not file the form by the deadline, so the Court granted a 7-day extension. (Doc. 8). When he missed the extended deadline, the Court entered the following show cause order on August 15, 2023:

> ORDER TO SHOW CAUSE: Consistent with Administrative Order No. 257, Rice was previously directed to file the attached form indicating consent to proceed before the Magistrate Judge or an affirmative declination to consent. The time for doing so has long

passed, and in spite of a warning and additional time to do so, said party continues to ignore the Court's directive by not returning the form. Thus, Rice is ordered to SHOW CAUSE why sanctions should not be imposed for failure to file the attached form as is required under Administrative Order No. 257. Show Cause Response re Consent due by 8/29/2023.

(Doc. 10).  Plaintiff did not respond to this Order.

Also at the time of case opening, the Court separately entered a Notice and Order advising Plaintiff of his ongoing obligation to notify the Court of any address changes that occur: "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address." (Doc. 4).  Plaintiff was warned that "[f]ailure to do so could result in the dismissal of [the] case." *Id*.  He received additional notice of this obligation as the case proceeded: "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address.  Failure to do so could result in the dismissal of [the] case."[1]  (Doc. 6).

Plaintiff failed to notify the Court of any address change, as ordered, and his mail was returned to the Court undelivered.  (Docs. 6, 8-14).  On August 31, 2023, the Court entered a Show Cause Order that required Plaintiff to demonstrate why this case should not be dismissed for failure to prosecute the case.  He was advised that this Show Cause Order would be deemed satisfied by the filing of Plaintiff's Notice of Address Change and a properly completed Consent / Non-Consent to Proceed Before Magistrate Judge.  The response deadline was October 2, 2023. (Doc. 12).  Plaintiff did not respond, likely due to the fact that he failed to update his address and the Order to Show Cause was returned to the Court undelivered with no forwarding address on September 28, 2023.  (Doc. 14).

---

[1] The Court's Orders at Docs. 4 and 6 reflect the requirement made of all plaintiffs proceeding *in forma pauperis* in this District: "All petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs." *See* SDIL-LR 3.1(b).

Dismissal of this action based on Plaintiff's ongoing failure to comply with this Court's Orders and update his address is now warranted. Under Federal Rule of Civil Procedure 41(b), a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order." *See* FED. R. CIV. P. 41(b). A district court also has inherent authority to dismiss an action *sua sponte* for want of prosecution. *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006). Dismissal is one of several tools a court may use "to achieve the orderly and expeditious disposition of cases." *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). Given the circumstances presented here, the Court deems it appropriate to dismiss this case without prejudice for Plaintiff's noncompliance with the Court's Orders to timely update his address (Docs. 4, 6, and 12; SDIL-Local Rule 3.1(b)), file his Consent / Non-Consent Form (Docs. 3, 8, and 10), and respond to show cause orders (Docs. 10 and 12). By failing to comply with all of these orders and taking no other action to move this case forward, Plaintiff has demonstrated his abandonment of his claims herein. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that, for the reasons set forth above, this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with the Court Orders at Docs. 3, 4, 6, 8, 10, and 12 and his failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). All pending motions (Doc. 2) are **TERMINATED**.

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal,

he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 10/4/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
